MEMORANDUM *
Anthony Darnell Wafer (Wafer) appeals from the district court’s dismissal of his petition for writ of habeas corpus as untimely.
1. Wafer is not entitled to statutory tolling. The California Supreme Court’s citation to In re Clark, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1998) (in bank), reflected the intention to dismiss Wafer’s second and third state ha-beas petitions as untimely. See In re Robbins, 18 Cal.4th 770, 77 Cal.Rptr.2d 158, 959 P.2d 311, 322 n. 9 (1998) (citing generally to Clark in dismissing petition as untimely); see also Park v. California, 202 F.3d 1146, 1152 n. 3 (9th Cir.2000) (noting that Clark “dealt specifically with the bar of untimeliness”). Because his procedurally-barred state petitions did not toll the limitations period for filing a federal habe-as petition, Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), the district court did not err in denying statutory tolling.
2. Wafer is entitled to equitable tolling. In his objection to Adams’ motion to dismiss, Wafer stated that
in Pace ..., the Magistrate Judge recommended dismissal of the petition under AEDPA’s statute of limitations, § 2244(d)(1), but the District Court rejected that recommendation ... [I]t held that petitioner was entitled to both statutory and equitable tolling for the time during which his Posteonviction Relief Act (PCRA) petition was pending ... [Ejven though the state court rejected his PCRA petition as untimely, that did not prevent the petition from being “properly filed ...”
Construing Wafer’s pro se federal habeas petition broadly, see Roy v. Lampert, 465 F.3d 964, 970 (9th Cir.2006), as amended, we conclude that he sufficiently raised the equitable tolling issue regarding reliance on Ninth Circuit precedent to the district court. Moreover, the record demonstrates that, in making the tactical decision to delay filing his federal habeas petition, Wafer alleges that he relied in good faith on then-binding Ninth Circuit precedent, subsequently determined to be legally erroneous. See Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir.2008). Accordingly, Wafer is entitled to equitable tolling of AEDPA’s one-year statute of limitations *85 and his federal habeas petition is deemed timely. See id. at 1057.
3. Because we determine that Wafer’s petition is deemed timely, we do not address whether Wafer was entitled to equitable tolling on the alternative ground of his counsel’s alleged ineffective assistance. See, e.g., Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir.2005).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.